# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA SUH SCHLEDORN,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL[1], *Acting Commissioner of Social Security*,<br><br>    Defendant. | Case No. LA CV 16-2357 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

    Rebecca Suh Schledorn ("Plaintiff") challenges the Social Security Commissioner ("Commissioner")'s decision denying her application for disability benefits.[2] Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly discounted the opinion of her threating psychiatrist, Dr. Ebrahim Hazany, and in turn improperly terminated her claim at step two by failing to find a severe

---

[1]     The Court **DIRECTS** the Clerk of Court to update the case caption to reflect Nancy A. Berryhill as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

[2]     Plaintiff was initially found disabled due to her marked depression and anxiety symptoms. The Agency later found that her disability ceased. (Administrative Record ("AR") at 60-62, 67-71.)

1

mental impairment based on that opinion.[3]  (*See* Joint Stipulation ("Joint Stip.") at 5-11.)  The Court agrees with Plaintiff for the reasons discussed below.

As a rule, if an ALJ wishes to disregard the opinion of a treating or examining physician, "he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."  *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983); *accord Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).

Here, the ALJ improperly declined to credit Dr. Hazany's opinion[4] for two reasons.

First, the ALJ improperly rejected the opinion because there was no corroborating objective medical evidence, including supporting treatment notes.  (AR at 18, 413-16); *see Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim."); *Vaughn v. Comm'r Soc. Sec. Admin.*, 2012 WL 28561, *5 (D. Or. Jan. 4, 2012) ("[T]he general reference to inconsistency with the medical evidence of record is not a specific reason [to reject a treating physician's opinion].  It is simply too vague to allow meaningful review.").  In particular, (1) the psychiatrist noted Plaintiff was treated with a "vagal nerve stimulator"[5]; (2) the psychiatrist noted that Plaintiff

---

[3]  The threshold inquiry at step two is whether a claimant is suffering from a severe impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  The step two inquiry is defined as "'a *de minimis* screening device to dispose of groundless claims.'"  *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001, as amended) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)).

[4]  Dr. Hazany diagnosed Plaintiff with "major depression" with a guarded prognosis.  (AR at 13.)  He opined that overall she was markedly limited in her functioning, and that she had at least 10 specific marked mental-health limitations and numerous moderate limitations.  (AR at 413-16.)

[5]  "Vagus nerve stimulation is a procedure that involves implantation of a device that stimulates the vagus nerve with electrical impulses. . . . Vagus nerve stimulation is most often used to treat

2

had significant symptoms despite high levels of antidepressants; and (3) treatment notes supported this treatment. (AR at 387, 405-06, 408, 413, 416, 418-20, 422, 424, 427.)

Second, the ALJ's conclusion that it "appeared" that the treating psychiatrist relied heavily on the subjective complaints of Plaintiff — without citation to evidence of this in the psychiatrist's opinion or treatment notes — is not sufficiently specific for appellate review. (AR at 18); *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (federal courts "demand that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review").

Thus, the ALJ improperly assessed the treating psychiatrist's opinion.

B.  Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to direct an immediate award of benefits. *Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where outstanding issues must be resolved before a determination can be made, or where the record does not make clear that proper evaluation of the evidence would require a disability finding, remand is appropriate. *Id*. at 594.

Here, in light of the error, Plaintiff's treating psychiatrist's opinion must be reassessed. Therefore, on remand, the ALJ shall evaluate the opinion and either credit it as true, or provide valid reasons for any rejected portion. The Court shall also

---

epilepsy when other treatments haven't worked. Vagus nerve stimulation is also a treatment for hard-to-treat depression that hasn't responded to typical therapies." Mayo Clinic, http://www.mayoclinic.org/tests-procedures/vagus-nerve-stimulation/home/ovc-20167755 (last visited Sept. 12, 2017); *Bast v. Sec'y of Health & Human Servs*, 2012 WL 6858040, at *17 (Fed. Cl. Dec. 20, 2012); *see also Morris v. Colvin*, 2013 WL 1729007, at *7 (D. Kan. Apr. 22, 2013) (noting medical expert testimony that treatment with a vagal nerve stimulator usually leads to an automatic determination that the claimant meets a disability listing); (AR at 86).

reevaluate whether, in light of the *de minimus* threshold standard at step two, the treating psychiatrist's opinion, treatment notes, and remaining record establish that Plaintiff has a medically severe impairment or combination of impairments. *See Edlund*, 253 F.3d at 1158. If so, the ALJ shall continue the analysis of Plaintiff's claim through the remaining steps.

Finally, the Court is mindful that "the touchstone for an award of benefits is the existence of a disability, not the agency's legal error." *Brown-Hunter*, 806 F.3d at 495. Because it is unclear, on this record, whether Plaintiff is in fact disabled, remand here is on an "open record." *Id.*; *Burrell v. Colvin*, 775 F.3d 1133, 1141-42 (9th Cir. 2014). The parties may freely take up any issue raised in the Joint Stipulation, and any other issues relevant to resolving Plaintiff's claim of disability, before the ALJ. Either party may address those points in the remanded, open proceeding.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

DATED: September 12, 2017



_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*